IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE P. CAMBS | : | CIVIL ACTION |
| | : | NO. 15-428 |
| v. | : | |
| AMERICAN EXPRESS COMPANY, INC. | : | |

O'NEILL, J.  September 12, 2016

## MEMORANDUM

Presently before me is a motion by defendant American Express Travel Services Company, Inc. /i/s/h/a American Express Company, Inc., for a protective order and to quash a notice of deposition, Dkt. No. 45, plaintiff Denise P. Cambs' response, Dkt. No. 47, and defendant's reply. Dkt No. 48. Defendant seeks to quash the deposition of Anne M. Jerez-Weston and asks for a protective order: 1) precluding the plaintiff from seeking the deposition testimony of Ms. Jerez-Weston in the future, and 2) limiting the scope of the deposition of American Express' corporate representative. For the following reasons I will grant the motion in part and deny the motion in part.

## BACKGROUND

In 2012, plaintiff filed an action against defendant in the United States District Court for the District of New Jersey for violations of New York General Business Law § 349. Compl., Dkt. No. 1 at ¶ 8. Plaintiff alleges that the parties reached a settlement of the New Jersey action which obligated defendant to delete any account balances with respect to two accounts held by plaintiff. Id. at ¶¶ 9, 11. She also alleges that the settlement agreement obligated defendant to instruct the credit bureaus to delete any information relating to those accounts. Id. at ¶ 10.

In this action, plaintiff contends that defendant has failed to execute the settlement agreement and has inaccurately reported the status of her accounts since 2012.  Id. at ¶¶ 16, 21, 29, 31.  She also contends that defendant reported inaccurate information to credit bureaus about a third account which her ex-husband paid off as part of their divorce settlement.  Id. at ¶¶ 22-24, 29, 31.  Plaintiff brings claims against defendant for violating the Fair Credit Reporting Act (FCRA), the Fair Credit Billing Act (FCBA), breach of contract, and related violations of state law.  Id. at ¶ 48-74.

On April 20, 2016, plaintiff served defendant with a notice of deposition for Anne M. Jerez-Weston, a paralegal in defendant's General Counsel's Organization who negotiated the 2012 settlement agreement.  Dkt. No. 47 at ECF p. 2; Dkt No. 45 at ECF p. 8, n.2.  In response to this notice, defendant executed the declaration of Ms. Jerez-Weston on June 17, 2016.  Ms. Jerez-Weston states that she performed legal work relating to Ms. Cambs' accounts at the direction of in-house counsel, that "[a]ny communications [she] had with non-legal employees of American Express regarding the New Jersey Lawsuit and [the current proceeding] were for the primary purpose of seeking or relaying legal advice or evaluating claims and defenses," and that she has no personal knowledge of the credit reporting relating to the accounts.  Dkt. No. 45-7 at ECF ¶¶ 8, 9.

In seeking to depose Ms. Jerez-Weston, plaintiff asserts she wants to know what actions Ms. Jerez-Weston performed during the settlement of plaintiff's prior case with defendant, how she handled plaintiff's file, the actions she took after the prior settlement agreement was executed and who was notified of the agreement.  Dkt. No. 47 at ECF p. 6.  Defendant argues the court should quash the notice of deposition of Ms. Jerez-Weston because the information she has regarding plaintiff's accounts is privileged.  Dkt. No. 45 at ECF p. 6-10.

Plaintiff also served defendant with a second notice of deposition for a corporate representative who is familiar with defendant's procedures and policies on credit disputes, investigations and reporting pursuant Rule 30(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 47 at ECF p. 2.  In response, defendant designated Brandon Egan, Director of Risk Management, as the corporate representative to testify on defendant's behalf on topics related to plaintiff's accounts.  Dkt. No. 45 at ECF p. 4.  Despite defendant's attempts, plaintiff has not scheduled a deposition with Mr. Egan.  Id.  Defendant now requests a protective order to limit the scope of Mr. Egan's deposition to American Express' handling of credit disputes, credit investigations and credit reporting of the three accounts at issue in plaintiff's complaint.  Dkt. No. 45-1 at ECF p. 11.

## DISCUSSION

The Federal Rules of Civil Procedure allow the examination of a deponent concerning "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b).  While "the scope of discovery under the Federal Rules is . . . broad, this right is not unlimited." Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999).  A party seeking a protective order has the burden of demonstrating that good cause exists for the order.  Fed. R. Civ. P. 26(c).

**I.    Deposition of Ms. Jerez-Weston**

First, I find that plaintiff may not depose Ms. Jerez-Weston at this time because plaintiff has not shown that she cannot obtain the same information she seeks from defendant's corporate representative.  A moving party is entitled to a protective order under Fed. R. Civ. P. 26(c) for good cause.  Defendant argues that where a party seeks to depose the other party's counsel, good cause is presumed unless the opposing party can satisfy the Shelton rule.  Dkt. No. 45 at ECF p.

7. Under the Shelton rule, the deposing party must show that: 1) no other means exists to obtain the information sought; 2) the information sought is nonprivileged; and 3) the information is crucial to the preparation of the case.  In re Linerboard Antitrust Litigation, 237 F.R.D. 373, 385 (E.D. Pa. 2006); see also Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). The Shelton rule creates a presumption against deposing opposing counsel.  The Shelton Rule logically extends to counsel's subordinate where she acts as an agent of a qualified attorney under circumstances that would otherwise be sufficient to invoke the attorney-client privilege. Dabney v. Inv. Corp. of Am., 82 F.R.D. 464, 465 (E.D. Pa. 1979), citing 8 Wigmore, Evidence § 2301 (McNaughton Rev. 1961); see also 24 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure, Evidence § 5482 (1986 & Supp. 2016).

      The Court of Appeals has not adopted the Shelton rule and this court has not applied that rule in every case.  See, e.g., Adeniyi-Jones v. State Farm Mut. Auto. Co., No. CV 14-7101, 2015 WL 6180965, at *1 (E.D. Pa. Oct. 21, 2015), citing Premium Payment Plan v. Shannon Cab Co., 268 F.R.D. 203, 204-05 (E.D. Pa. 2010) ("Although the court proceeds with caution, there is no heightened evidentiary burden on the party seeking to depose counsel."); Johnston Dev. Grp., Inc. v. Carpenters Local Union No. 1578, 130 F.R.D. 348, 352 (D.N.J. 1990) ("The preclusion of attorney depositions is to be analyzed with the same standards as any other protective order motion, with the movant bearing the burden of persuasion under Rule 26(c)."); cf. In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003) (rejecting the Shelton rule and instead applying a "flexible approach" that "takes into consideration all of the relevant facts and circumstances" including "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already

conducted"). Rather, courts in this circuit have frequently applied a standard similar to, but more flexible than, the Shelton rule. Under this standard,

> The party seeking a protective order precluding the deposition of counsel has the burden to show that the deposition would cause[] undue burden or oppression measured by (1) the extent to which the proposed deposition promises to focus on central factual issues, rather than peripheral concerns; (2) the availability of the information from other sources, viewed with an eye toward avoiding cumulative or duplicative discovery; and (3) the harm to the party's representational rights resulting from the attorney's deposition.

Adeniyi-Jones v. State Farm Mut. Auto. Co., No. 14-7101, 2015 WL 6180965, at *1 (E.D. Pa. Oct. 21, 2015), quoting Frazier v. Se. Pa. Transp. Auth., 161 F.R.D. 309, 313 (E.D. Pa. 1995).

Regardless of which rule is applied—the Shelton rule or the more flexible approach—the result is the same. Plaintiff has not shown that Mr. Egan's testimony is insufficient to provide the needed information. In fact, plaintiff has failed to depose him. Dkt. No. 45 at ECF p. 4. Additionally, deposing a paralegal who has engaged in privileged communications related to the issues in this litigation creates some risk of harm to defendant's representational rights. Although plaintiff suggests that the information sought is not privileged because it pertains to the execution of the agreement and is therefore "factual," Dkt. No. 47 at ECF p. 5-6, some of the information plaintiff seeks could elicit privileged communications. On the facts now before me, I find it is appropriate to quash the deposition of Ms. Jerez-Weston. However, plaintiff may still seek to depose Ms. Jerez-Weston in the future if, after deposing defendant's corporate representative, plaintiff can show a need for Ms. Jerez-Weston's testimony.

Despite defendant's contention to the contrary, at least some of the information plaintiff seeks from Ms. Jerez-Weston may be nonprivileged. "The privilege extends to verbal statements, documents and tangible objects conveyed by . . . clients to an attorney in confidence for the purpose of any legal advice." Haines v. Liggett Grp. Inc., 975 F.2d 81, 90 (3d Cir. 1992),

5

as amended (Sept. 17, 1992).  The "privilege also attaches [] to inter-attorney communications[] which include legal advice or confidential information received from the client."  SmithKline Beecham Corp. v. Apotex Corp., 232 F.R.D. 467, 481 (E.D. Pa. 2005).  However, even though attorneys often possess privileged information, "[i]n cases where the attorney's conduct itself is the basis of a claim or defense, there is little doubt that the attorney may be examined as any other witness."  Johnston Dev. Grp., Inc. v. Carpenters Local Union No. 1578, 130 F.R.D. 348, 352 (D.N.J. 1990), citing Jamison v. Miracle Mile Rambler, Inc., 536 F.2d 560 (3d Cir. 1976).

The privilege extends to subordinates "acting as the agent of a duly qualified attorney under circumstances that would otherwise be sufficient to invoke the privilege."  Dabney, 82 F.R.D. at 465.  Communications with a paralegal are only protected inasmuch as they are "for the purpose of obtaining legal advice from an attorney or to assist an attorney to formulate and render legal advice to a client."  HPD Labs., Inc. v. Clorox Co., 202 F.R.D. 410, 415 (D.N.J. 2001) (emphasis in original omitted).  Where a client seeks advice from a paralegal herself, the privilege does not apply.  Id.

Plaintiff proposes to elicit information that may fall outside the attorney-client privilege, such as how Ms. Jerez-Weston handled plaintiff's file, the procedural actions she took after the agreement was executed, and who was notified of the agreement.  Dkt. No. 47 at ECF p. 6.  To the extent that Ms. Jerez-Weston can answer without disclosing counsel's advice about plaintiff's legal claims, this information may be discoverable.  Thus, I find that a protective order precluding Ms. Jerez-Weston's future deposition is not justified.

**II.     Mr. Egan's Deposition**

I decline to grant defendant's motion to the extent that it seeks an order limiting the scope of Mr. Egan's deposition.  Defendant has not shown that such a protective order is necessary to

prevent annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Here, defendant merely suggests, without support, that plaintiff might engage in discovery that is disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1); Dkt. No. 45 at ECF p. 11. This suggestion, without more, is insufficient to show cause for a protective order.

An appropriate Order follows.